UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 21-1140 JBG (KK)** | Date | October 21, 2021 |
|---|---|---|---|
| Title | *Liliana Gonzalez v. Costco Wholesale Corporation, et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**     **Order DENYING Plaintiff's Motion to Remand (Dkt. No. 13) (IN CHAMBERS)**

      Before the Court is a Motion to Remand filed by Plaintiff Liliana Gonzalez. ("Motion," Dkt. No. 13.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the matter, the Court DENIES Plaintiff's Motion. The hearing on October 25, 2021 is VACATED.

### I.     BACKGROUND

      On August 26, 2020, Plaintiff Liliana Gonzalez filed a complaint in Riverside County Superior Court against Defendants Costco Wholesale Corporation and Does 1-20. ("Complaint," Dkt. No. 1-1.) Ms. Gonzalez's Complaint alleges negligence/premise liability. (See id.). On July 8, 2021, Costco removed the action. ("Removal," Dkt. No. 1.) On August 9, 2021, Ms. Gonzalez filed the Motion. (Motion.) Costco opposed the Motion on August 23, 2021. ("Opposition," Dkt. No. 14.) Ms. Gonzalez replied on August 30, 2021 ("Reply," Dkt. No. 16.).
!

### II.     LEGAL STANDARD

      Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, federal courts only have original jurisdiction over civil actions in which a federal question exists or in which there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. "Complete diversity" means that "each

defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

To remove a state action to federal court, the defendant must file a notice of removal with both the state court where the case was filed and the federal court to which it will be transferred. 28 U.S.C. § 1441. The notice of removal must be filed within 30 days of the first removable document, and the case must be removed to the federal district court that encompasses the state court where the action was initiated. Id. If the case stated by the initial pleading is not removable, then a notice of removal may be filed within 30 days after the case becomes removable. 28 U.S.C. § 1446(b)(3). This 30–day limit begins to run when the defendant receives "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id.

The party seeking removal has the burden of establishing federal jurisdiction. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). Moreover, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992); see also Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, at *6 (C.D. Cal. Oct. 31, 2014). Indeed, doubts as to removability must be resolved in favor of remanding the case to state court. Id., at *6.

### III. DISCUSSION

**A. Local Rule 7-3**

Costco contends that the Court should deny the Motion based on Ms. Gonzalez's alleged failure to comply with this Court's Local Rule 7-3. (Opposition at 8-9.)

Local Rule 7-3, Conference of Counsel Prior to Filing of Motions, provides, in part:

> [C]ounsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, *preferably in person*, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion.

L.R. 7-3 (emphasis in original). Although Ms. Gonzalez represents in her motion that the parties conducted the conference of counsel pursuant to Local Rule 7-3, Costco alleges that the parties did not discuss the substance of the contemplated motion. (Motion at ii; Opposition at 8-9.)

Regardless of whether Ms. Gonzalez adhered to Rule 7-3, Costco has not alleged any material prejudice resulting from her alleged failure to comply. Accordingly, the Court will consider the Motion. See, e.g., ECASH Techs., Inc. v. Guagliardo, 2002 WL 987324, at *2 (9th Cir. 2002) ("The Central District of California's local rules do not require dismissal of appellee's motions for failure to satisfy the meet-and-confer requirements") (citations omitted)); CarMax Auto Superstores California LLC v. Hernandez, 94 F. Supp. 3d 1078, 1088 (C.D. Cal. 2015) ("Failure to comply with the Local Rules does not automatically require the denial of a party's motion, . . . particularly where the non-moving party has suffered no apparent prejudice as a result of the failure to comply") (collecting cases). However, the Court warns Plaintiff that future failure to comply with the Local Rules may result in sanctions.

**B. Timeliness**

Costco removed the action to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1441. (Removal.) The parties do not dispute the existence of complete diversity. At issue here is thus whether Costco's notice of removal was timely. To determine whether Costco's notice of removal was timely, the Court must determine when the case became removable.

   **1. 28 U.S.C. § 1446(b)(1)**

Costco claims that Ms. Gonzalez's Complaint could not have triggered the first 30-day window for removal because it was not removable on its face, as it did not provide a specific amount of damages requested. (Opposition at 9.) Under these circumstances, the Court agrees. The Court finds that the 30-day removal period could not have been triggered by Ms. Gonzalez's Complaint, which fails to allege any facts from which to deduce the amount of damages she seeks. While the calculation of the amount in controversy considers claims for general damages, special damages, punitive damages, and attorney's fees, these numbers must be reasonably ascertainable from the allegations for the Complaint to trigger the first 30-day period for removal. Rodriguez v. Boeing Co., 2014 WL 3818108, at *4 (C.D. Cal. Aug. 1, 2014). Put differently, "notice of removability under § 1446(b) [must be] determined through the four corners of the applicable pleadings." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005).

In Harris v. Bankers Life & Casualty Co., the Ninth Circuit considered when the thirty-day removal clock began where "it is unclear from the complaint whether the case is removable." Id. at 692-93. The Court rejected the idea that a defendant must investigate a basis for removal when the pleading does not facially disclose one. Id.

The amount of potential damages for Ms. Gonzalez's negligence claim are not apparent from the face of the Complaint. For injuries, pain-and-suffering, and loss of employment suffered due to a slip-and-fall, Plaintiff seeks recovery for general damages, medical and incidental expenses, loss of earnings and earning capacity, pre-judgment interest, and costs of the suit. (Complaint at 3-4.) The Court cannot discern from these allegations alone whether the amount in controversy exceeds $75,000.

However, this does not mean that Costco can avoid making straightforward calculations using objective facts contained within those pleadings and papers to determine the amount in controversy. Garcia v. Wal-Mart Stores Inc., 207 F. Supp. 3d 1114, 1130 (C.D. Cal. 2016). Under certain circumstances, courts have found that a complaint may trigger the 30-day period for removal even without specifically pled damages. Rodriguez, 2014 WL 3818108, at *5 ("In light of litigation realities, in a case in which a long-term employee, such as Plaintiff, seeks lost income, damages for emotional pain and suffering, punitive damages, and attorney's fees, the amount in controversy is likely to exceed $75,000."). In such cases, the plaintiff typically provides sufficient objective facts on which to estimate the plaintiff's damages, like plaintiff's wages, statutory penalties, or specific contract damages. That is not the case here.

Therefore, the Court finds that Ms. Gonzalez's Complaint did not trigger the first 30-day window for removal.

### 2.  28 U.S.C. § 1446(b)(3)

Ms. Gonzalez argues that either of her two settlement demand letters on January 15, 2020 and December 21, 2020 trigged the 30-day period for removal under 28 U.S.C. § 1446(b)(3). (Motion at 1.) The Court assesses each argument in turn.

#### a.  January 15, 2020 Settlement Demand

On January 15, 2020—months before Ms. Gonzalez filed her Complaint—Ms. Gonzalez emailed a settlement demand letter to Costco seeking $75,000.00. (Ex. C to "Blackwell Decl.," Dkt. No. 14-4.) The demand letter provided no explanation for the reduced demand. (Id.) The letter only alleged $12,722 in medical expenses and referenced bills previously provided pre-litigation. (Id.)

However, because documents received before receipt of the initial pleading cannot trigger the second 30-day removal period, Carvalho v. Equifax Information Services, LLC 629 F.3d 876, 885-886 (9th Cir. 2010), the Court finds that the January 15, 2020 demand letter did not trigger the second 30-day removal period under 28 U.S.C. § 1446(b)(3).

#### b.  December 21, 2020 Settlement Demand

On December 21, 2020, Costco requested through email that Ms. Gonzalez stipulate to keep damages below $75,000.00 to avoid a notice of removal. (Motion at 1.) That same day, Ms. Gonzalez emailed Costco with a $95,000 settlement demand. (Opposition at 11.)

A document reflecting a settlement demand exceeding $75,000.000 may constitute "other paper" sufficient to provide notice that a case is removable. Babasa v. Lenscrafters, Inc., 498 F.3d 972, 974-75 (9th Cir. 2002); Cohn v. Petsmart, Inc., 281 F.3d 837, 940 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim").

However, a plaintiff's damages estimate in a settlement demand will not establish the amount in controversy when the estimate seems to be only a "bold optimistic prediction." Surber v. Reliance Nat'l Indem. Co., 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000). On that basis, Costco argues that the demand letter's "identified foot fracture and noted complaints of pain"—such as headaches, neck pain, joint pain, and muscle spasms—"were not sufficient detail for Costco to be on notice that the amount in controversy reasonabl[y] exceeded $75,000." (Opposition at 11.) Costco alleges that Ms. Gonzalez's "$95,000 demand was only a bold optimistic prediction." (Id.) The Court agrees.

Costco's arguments that Ms. Gonzalez's demand letter did not sufficiently detail her damages to establish the amount in controversy are persuasive. After receiving the $95,000.00 demand from Ms. Gonzalez, Costco's adjuster asked to confirm that the medical bills were $12,722.00 and that there was no wage loss. (Ex. A to Blackwell Decl., Dkt. No. 14-2.) That same day, Ms. Gonzalez's counsel responded that the medical bills were indeed $12,722.00, but that Ms. Gonzalez "may have received additional treatment that our office has not yet received the records for." (Id.) Ms. Gonzalez's counsel said he would provide this information in discovery when requested. (Id.) He added that Ms. Gonzalez was making a wage loss claim and would present the amount of lost wages once confirmed. (Id.) However, aside from the $12,722.00 in medical bills, Ms. Gonzalez never provided documents supporting her alleged damages, wage loss, and medical specials. As such, considering the nature of Ms. Gonzalez's alleged injuries and treatment that were relayed to Costco, Ms. Gonzalez's settlement demand of $95,000.00 appeared be more akin to a bold, optimistic prediction, than to a reasonable estimate of her claim. Therefore, the Court finds that the December 21, 2020 settlement demand did not trigger the second 30-day removal period under 28 U.S.C. § 1446(b)(3).

### 3. Propriety of Removal

Costco argues that it was not until Ms. Gonzalez served her discovery responses on June 8, 2021, that it was put on notice that the case was removable. (Opposition at 14.) Costco thus argues that its Notice of Removal, filed on July 8, 2021, was timely. (Id.) The Court agrees.

Written discovery responses may constitute "other paper" under 28 U.S.C. § 1446(b). DeJohn v. AT & T Corp., 2011 WL 9105, at *2 (C.D. Cal. Jan. 3, 2011) ("[A]ll 'formal discovery,' including a 'deposition, interrogatory, or request for admission' meets the definition of 'other paper' "). The Court is persuaded that this is the first "paper" from which removability could have been ascertained to trigger the 30-day period for removal. Costco's removal on July 8, 2021, was within 30 days of June 8, 2021, and therefore timely under 28 U.S.C. § 1446(b)(3). Accordingly, the Court DENIES Plaintiff's Motion to Remand.

//
//
//
//
//

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Remand. The hearing on October 25, 2021 is VACATED.

**IT IS SO ORDERED.**